## ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY *v.* SEALE.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE FIFTH
SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 857. Argued May 5, 1913.—Decided May 26, 1913.

Where the Federal Employers' Liability Act is applicable, the state statute on the same subject is excluded by reason of the supremacy of the former.

Where the Federal Employers' Liability Act applies, no one but the injured employé or, in case of his death, his personal representative, can maintain the action.

Whether the Federal or state statute is applicable depends upon whether the injuries of the employé were sustained while the company was engaged and the employé was employed in interstate commerce.

An employé whose duty is to take the numbers of, and seal up and label, cars, some of which are engaged in interstate, and some in intrastate, traffic, is directly and not indirectly engaged in interstate commerce.

Interstate transportation is not ended by the arrival of the train at the terminal. The breaking up of the train and moving the cars to the appropriate tracks for making up new trains for further destination or for unloading is as much a part of interstate transportation as the movement across the state line.

Where plaintiff's petition states a case under the state statute, but on the evidence it appears that the case is controlled by the Federal statute, and the defendant has duly excepted, the state court is bound to take notice of the objection and dismiss if plaintiff is not entitled to recover under the Federal statute.

THE facts, which involve the construction of the Employers' Liability Act of 1908, and its effect on actions for personal injuries of employés brought in the state courts, are stated in the opinion.

*Mr. Cecil H. Smith,* with whom *Mr. W. F. Evans* was on the brief, for plaintiff in error.

*Mr. Judson H. Wood,* with whom *Mr. John P. Haven* was on the brief, for defendants in error.

Mr. Justice Van Devanter delivered the opinion of the court.

This was an action against a railroad company, by the widow and parents of one of its employés, to recover damages for his death while in its service in its railroad yard at North Sherman, Texas, the death being caused, as was alleged, by the negligence of other employés. The action was begun in one of the courts of the State and resulted in a judgment for the plaintiffs, which was affirmed by the Court of Civil Appeals. 148 S. W. Rep. 1099. A petition for a writ of error was denied by the Supreme Court of the State, and the present writ of error to the Court of Civil Appeals was then allowed. See *Bacon* v. *Texas,* 163 U. S. 207, 215; *Norfolk & Suburban Turnpike Co.* v. *Virginia,* 225 U. S. 264, 269.

A motion to dismiss the writ is interposed, but the grounds of the motion are plainly untenable, and it is denied.

In the trial court and again in the Court of Civil Appeals the railroad company contended that the injuries which caused the death of the deceased were received while the company was engaged, and while he was employed by it, in interstate commerce; that its liability for his death was exclusively regulated and controlled by the Employers' Liability Act of April 22, 1908, 35 Stat. 65, c. 149; and that, if liable, it was liable only to his personal representative and not to the plaintiffs or any of them. This contention was denied by both courts, and the correctness of that ruling is the matter now to be considered.

The cause of action sought to be enforced was not recognized at common law. *Michigan Central Railroad Co.*

v. *Vreeland*, 227 U. S. 59, 67. It was essential, therefore, that it be based on some applicable statute. There was a Texas statute on the subject and also the Federal one. Both could not occupy the same field, and they were unlike. The Texas statute gave the right of action to the "surviving husband, wife, children and parents" and provided that it might be enforced by all of them or by one or more for the benefit of all, while the Federal statute vested the right of action in the deceased's "personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé." There were other points of dissimilarity, but they need not be noticed. If the Federal statute was applicable, the state statute was excluded by reason of the supremacy of the former under the National Constitution. *Second Employers' Liability Cases*, 223 U. S. 1, 53; *Michigan Central Railroad Co.* v. *Vreeland, supra*. And if the Federal statute was applicable, the right of recovery, if any, was in the personal representative of the deceased, and no one else could maintain the action. *Briggs* v. *Walker*, 171 U. S. 466, 471; *American Railroad Co.* v. *Birch*, 224 U. S. 547, 557; *Missouri, Kansas & Texas Railway Co.* v. *Wulf*, 226 U. S. 570, 576; *Troxell* v. *Delaware, Lackawanna & Western Railroad Co.*, 227 U. S. 434, 443. The real question, therefore, is, whether the Federal statute was applicable, and this turns upon whether the injuries which caused the death of the deceased were sustained while the company was engaged, and while he was employed by it, in interstate commerce. *Second Employers' Liability Cases, supra; Pedersen* v. *Delaware, Lackawanna & Western Railroad Co.* (decision announced with this, *ante*, p. 146).

The plaintiffs' petition was altogether silent upon that subject, and the defendant. by appropriate special exceptions, called attention to the two statutes, insisted

that whether one or the other applied depended upon facts not stated, and asked that the plaintiffs be required so to state the facts as to enable it to perceive which statute was relied upon. The exceptions were overruled, and when that matter came before the Court of Civil Appeals it said: "The action was brought under the state law, and the petition stated a good cause of action and was not subject to the exceptions presented." By its answer the defendant put in issue the allegations of the petition, and the evidence adduced upon the trial established without dispute the following facts:

The defendant was a Texas corporation owning and operating a railroad extending from the boundary between Oklahoma and Texas southward through North Sherman. This railroad connected at the Oklahoma boundary with another one extending northward through Madill, and the two were so operated that trains were run through from North Sherman to Madill and from Madill to North Sherman. The defendant was engaged in both intrastate and interstate commerce, much the larger part of the traffic handled in its North Sherman yard being interstate. The deceased was employed by the defendant as a yard clerk in that yard, and his principal duties were those of examining incoming and outgoing trains and making a record of the numbers and initials on the cars, of inspecting and making a record of the seals on the car doors, of checking the cars with the conductors' lists, and of putting cards or labels on the cars to guide switching crews in breaking up incoming, and making up outgoing, trains. His duties related to both intrastate and interstate traffic, and at the time of his injury and death he was on his way through the yard to one of the tracks therein to meet an incoming freight train from Madill, Oklahoma, composed of several cars, ten of which were loaded with freight. The purpose with which he was going to the train was that of taking the

numbers of the cars and otherwise performing his duties
in respect.of them.  While so engaged he was struck and
fatally injured by a switch engine, which, it is claimed,
was being negligently operated by other employés in the
yard.

At the conclusion of the evidence the defendant re-
quested .the court to direct a verdict in its favor on the·
ground that the undisputed evidence disclosed that the
case was one in which the defendant's liability was con-
trolled by the Federal statute, and that, if liable, it was
liable only to the personal representative of the deceased,
and not to the plaintiffs.  The request was denied, and
the jury returned a verdict for the plaintiffs, in which the
damages were apportioned among. them conformably
to the state law.

In its original opinion the Court of Civil Appeals took
the view (a) that by not interposing a plea in abatement
the defendant waived any right it had to object that the
plaintiffs were not personal representatives of the deceased,
(b) that the plaintiffs were the real beneficiaries and it
was immaterial that they were not the deceased's per-
sonal representatives, and (c) that the state statute au-
thorized a recovery by the plaintiffs on the case stated
in the petition, and as the Federal statute was not pleaded
as a defense it could not be invoked to defeat a recovery,
no matter what may have been its effect on the state
statute.  In its opinion on the motion for rehearing the
court recognized the supremacy of the Federal statute,
if applicable, and held that the evidence did not bring
the case within that statute.  While recognizing that the
train which the deceased was proceeding to examine was
an interstate train, having just come from Oklahoma,
the court said: "The North Sherman yards were the
terminal for that train, that is, that was the end of the
run of that train.  If any trains went south, they were
made up in the yards, new trains, and sent south, or other

trains made up and sent north. The evidence does not show that any of the cars in the train coming in were destined for other points."

In our opinion the evidence does not admit of any other view than that the case made by it was within the Federal statute. The train from Oklahoma was not only an interstate train but was engaged in the movement of interstate freight, and the duty which the deceased was performing was connected with that movement, not indirectly or remotely, but directly and immediately. The interstate transportation was not ended merely because that yard was a terminal for that train, nor even if the cars were not going to points beyond. Whether they were going further or were to stop at that station, it still was necessary that the train be broken up and the cars taken to the appropriate tracks for making up outgoing trains or for unloading or delivering freight, and this was as much a part of the interstate transportation as was the movement across the state line. *McNeill* v. *Southern Railway Co.*, 202 U. S. 543, 559. See also *Johnson* v. *Southern Pacific Company*, 196 U. S. 1, 21.

It comes then to this: The plaintiffs' petition, as ruled by the state court, stated a case under the state statute. The defendant by its special exceptions called attention to the Federal statute and suggested that the state statute might not be the applicable one. But the plaintiffs, with the sanction of the court, stood by their petition. It was to the case therein stated that the defendant was called upon to make defense. A plea in abatement would have been unavailing, because the plaintiffs were the proper parties to prosecute that case. When the evidence was adduced it developed that the real case was not controlled by the state statute but by the Federal statute. In short, the case pleaded was not proved and the case proved was not pleaded. In that situation the defendant interposed the objection, grounded on the Federal statute,

that the plaintiffs were not entitled to recover on the case proved. We think the objection was interposed in due time and that the state courts erred in overruling it. Two of the plaintiffs, the father and mother, in whose favor there was a separate recovery, are not even beneficiaries under the Federal statute, there being a surviving widow; and she was not entitled to recover in her own name, but only through the deceased's personal representative, as is shown by the terms of the statute and the decisions before cited. See also Tiffany on Death by Wrongful Act, 2d ed., §§ 80, 109, 116.

The judgment is accordingly reversed and the case is remanded for further proceedings not inconsistent with this opinion, but without prejudice to such rights as a personal representative of the deceased may have.

*Reversed.*

MR. JUSTICE LAMAR dissents.