ATLANTIC COAST LINE R. CO. v. REAVES.

(Circuit Court of Appeals, Fifth Circuit.   October 6, 1913.)

No. 2,348.

COURTS (§ 299*)—INTERSTATE COMMERCE—PLEADING.

A declaration alleged that at the time of decedent's injury defendant owned and operated a railroad as a common carrier in interstate commerce, and among other things conducted a station and freight yard at or near Lakeland, in Florida; that on May 27, 1910, decedent served defendant as a switchman in such yard, and was required by defendant, in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

discharge of his duty in the moving of certain cars in the yard, to un-couple the cars attached to an engine operated by defendant's employés; and that the engine was kept and employed at such point in the switching and movement of intrastate and interstate cars as circumstances required. *Held*, that the declaration sufficiently alleged that at the time of decedent's injury both he and defendant railroad company were engaged in interstate commerce, within Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322).

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

In Error to the District Court of the United States for the Southern District of Florida; James W. Locke, Judge.

Action by Fannie C. Reaves, as administratrix, etc., against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. A. Carter, of Tampa, Fla., for plaintiff in error.

Hilton S. Hampton, of Tampa, Fla., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The declaration charges:

"That at the time of the grievance hereinafter mentioned the defendant was the owner of and operated a line of railroad as a common carrier in interstate business, its cars being propelled by means of steam, and operating, among other things, a station and freight yard at or near the town of Lakeland, in the state of Florida, and on the 27th day of May, 1910, one F. C. Reaves was an employé and servant of the defendant in the capacity of switchman in said yard; that he was required by the defendant, in the discharge of his duty in the moving of certain cars in said freightyard at Lakeland, Fla., to uncouple certain cars attached to an engine operated by employés of the defendant; that said engine was kept and employed at said time, at said point, in the switching and movement of intrastate and interstate cars, as circumstances required."

A majority of the judges being of opinion that the foregoing is a sufficient allegation that at the time the plaintiff's intestate received his injury both the defendant company and the plaintiff's intestate were engaged in interstate commerce, within the purview of the Employer's Liability Act of 1908, we find that the demurrers to the declaration were properly overruled.

In the rulings on instructions to the jury we find no reversible error.

On the merits a majority of the judges are of opinion that the evidence was sufficient to warrant the jury in finding that at the time plaintiff's intestate received his injury both he and the defendant railroad company were engaged in interstate commerce. See Martin Pedersen v. Delaware, Lackawanna & Western Railroad Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125; St. Louis, San Francisco & Texas Railway Co. v. Maude Seale et al., 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129; Railroad Commission of Louisiana v. Texas & Pacific Railway Co. et al., 229 U. S. 336, 33 Sup. Ct. 837, 57 L. Ed. 1215.

The judgment of the District Court is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes