(66 South. 313)

No. 19714.

### PENNY v. NEW ORLEANS GREAT NORTHERN R. CO.

(Oct. 19, 1914.)

*(Syllabus by the Court.)*

1. COMMERCE (§ 8*)—POWER TO REGULATE—EMPLOYERS' LIABILITY ACT — EFFECT OF STATE LAW.

It is settled jurisprudence that the act of. Congress known as the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. 1913, §§ 8657–8665]), supersedes the laws of the several states so far

as the latter cover the same field; and that any state laws which impose upon a carrier by railroad engaged in interstate commerce a liability, in damages, to "any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then, * * *" cover the same field as said Employers' Liability Act, and are therefore superseded by it.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

2. DEATH (§ 31*)—ACTION UNDER FEDERAL EMPLOYERS' LIABILITY ACT—PARTIES—"PERSONAL REPRESENTATIVE."

It is settled jurisprudence that, though, in the event of the death of the employé, under the conditions contemplated by the federal Employers' Liability Act, the claim for damages may, of right, be prosecuted in a state, as well as a federal, court, it must be prosecuted by the "personal representative" of the decedent—meaning the executor or administrator—and can be prosecuted by no one else, not even by the sole beneficiary, save in the capacity of personal representative.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*

For other definitions, see Words and Phrases, First and Second Series, Personal Representative.]

3. DEATH (§ 31*)—RIGHT TO RECOVER—ELECTION OF REMEDIES.

This is an action brought by a widow, as such, and as tutrix of minor children, for the recovery of damages resulting from the death of the husband and father, through the alleged negligence of defendant. The petition sets forth a case falling under the federal Employers' Liability Act; but plaintiffs, at the inception of the trial, upon being called on, elected to proceed under the state law. Defendant interposed no exception to the capacity of the widow and tutrix to prosecute the suit, but, on the propounding of the first question to the first witness, objected to "any evidence on the part of plaintiffs," on the ground that the state law had been superseded by the federal law, which objection having been overruled, defendant excepted, and reserved a bill; but the objection was not at any time renewed, though the trial proceeded, and a number of witnesses, called by both litigants, subsequently testified as to the existence vel non of the facts essential, under either law, to a recovery; the result being a verdict and judgment for plaintiffs, from which defendant prosecutes the appeal.

*Held,* that the verdict and judgment must be set aside, for plaintiffs are obliged to show the law entitling them to recover, and as the state law under which they elected to proceed has been superseded, and the federal law, by which it was superseded, confers no such right upon them, they have failed to discharge that obligation.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Action by Rose Hooper Penny against the New Orleans Great Northern Railroad Company. From judgment for plaintiff, defendant appeals. Reversed and rendered.

Farrar, Jonas, Goldsborough & Goldberg, of New Orleans, and B. M. Miller, of Covington, for appellant. Bascom D. Talley, of Bogalusa, for appellee.

## Statement of the Case.

MONROE, C. J. According to the record as it now stands, the plaintiffs before the court are Mrs. Rosa Hooper Penny, in her capacity as widow of Robert T. Penny, deceased, and her two minor children, issue of her marriage with said decedent, whom she represents as duly qualified natural tutrix. The petition alleges that defendant is engaged in interstate commerce; that decedent was in its employ as car inspector, and, in the discharge of the duty for which he was employed, was inspecting "a through train, which had just arrived" (at Bogalusa, La., as we understand) from Jackson, Miss., consigned to New Orleans, La.; that, while so engaged, without warning to him, and through the negligence of defendant and its servants, a string of cars was "kicked" against the train upon which he was working, with the result that he was run over and killed; that he was where his duty called him, and was guilty of no negligence, but "that, under the federal Employers' Liability Act, a recovery may be had, * * * even though he had been guilty of contributory negligence." The demand is for judgment in the sum of $30,000, of which the widow claims $2,500 "for the mental anguish,"

and $12,500 for deprivation of her husband's comfort, support, counsel, assistance, sympathy, love, and affection during life, his help and assistance in rearing their children and fighting the battles of life, etc., and the remaining $15,000 of which is claimed on behalf of the minors, as damages for the deprivation of their "father's care, counsel, love, guidance, affection, help, assistance, protection, schooling, etc., during life." Defendant filed a dilatory exception, which was withdrawn. It then filed an exception of "no cause of action," leveled at the claim for damages on account of mental anguish, loss of sympathy, counsel, affection, etc., which, by consent, was referred to the merits; the answer having been filed with the exception and after default. Thereafter, when the case came up for trial, defendant's counsel called upon plaintiff to elect whether they would proceed under the federal Employers' Liability Act or under the laws of the state of Louisiana, to which plaintiff's counsel made answer:

"Counsel for plaintiff says that plaintiff is a citizen of Louisiana, and the federal Employers' Liability Act only supersedes the law of Louisiana when in conflict with it; but counsel, being called upon to elect, elects to try his case upon the Louisiana law, and waives the benefit of the federal liability act or statute."

Counsel then placed his client, Mrs. Penny, on the stand and propounded a question, and counsel for defendant thereupon objected as follows:

"Counsel for defendant objects to any evidence on the part of the plaintiffs, because all provisions of the laws of Louisiana, providing for the recovery of damages for injuries received while employed in interstate commerce are superseded by the federal Employers' Liability Act."

The objection was overruled, a bill of exception was reserved, and the trial then proceeded, and resulted in a verdict in favor of "plaintiff for $10,000; which was followed by a judgment which awards one half of the amount to the widow and the other half to the two minors. Defendant prosecutes the appeal.

### Opinion.

[1] We find it settled by the Supreme Court of the United States that the Employers' Liability Act (being Act Cong. April 22, 1908, c. 149, 35 Stat. 65, 66, as amended by Act April 5, 1910, c. 145, 36 Stat. p. 291 [U. S. Comp. St. 1913, §§ 8657–8665]) "supersedes the laws of the several states, so far as the latter cover the same field," and that any state laws which impose upon a carrier, by railroad, engaged in interstate commerce, a liability, in damages, to "any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then," etc., cover the same field as said Employers' Liability Act, and are therefore superseded by it.

In Mondou v. New York, N. H. & H. R. Co., 223 U. S. 46, 32 Sup. Ct. 173, 56 L. Ed. 344, 38 L. R. A. (N. S.) 44, Mr. Justice Vandevanter, as the organ of the court, said:

"The principal questions presented in these cases, as discussed at the bar and in the briefs, are: (1) May Congress, in the exertion of its power over interstate commerce, regulate the relations of common carriers by railroad and their employés while both are engaged in such commerce? (2) Has Congress exceeded its power in that regard by prescribing the regulations which are embodied in the act in question (referring to the act above mentioned)? (3) Do those regulations supersede the laws of the states in so far as the latter cover the same field? (4) May rights arising under those regulations be enforced, as of right, in the courts of the states, when their jurisdiction, as fixed by local laws, is adequate to the occasion?"

The questions 1, 3, and 4, as thus propounded, are answered, categorically, in the affirmative; the question 2 is answered in the negative; and the rulings so made have been variously affirmed in Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134;

Michigan C. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; St. Louis, I. M. & S. R. Co. v. Hesterly, Adm'r, 228 U. S. 702, 33 Sup. Ct. 703, 57 L. Ed. 1031; St. Louis; S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156; and in many other cases which are gathered together in the exhaustive "Note to Oregon R. & Nav. Co.," which will be found in 47 L. R. A. (N. S.) 38 et seq.

[2] We find it settled also that, though, in the event of the death of the employé, under the conditions contemplated by the federal legislation in question, the claim for damages may, of right, be prosecuted in a state, as well as a federal court, it must be prosecuted by the personal representative of the decedent and can be prosecuted by no one else.

In American R. Co. v. Birch, 224 U. S. 556, 32 Sup. Ct. 606, 56 L. Ed. 882 (being a case taken up from the United States District Court for Porto Rico), it appears that the trial judge had ruled that the suit, having been brought under the act of Congress of April 22, 1908, was "properly brought in the name of the only persons for whose benefit any recovery could be had," and that the words " 'to his or her personal representative,' cannot be construed to mean that it is necessary, in cases where only the husband or wife could inherit and are the only survivors, that they be forced, in the absence of any estate belonging to the deceased, other than his right to sue, to have an administrator appointed."

It was, however, said by the Supreme Court:

"But the words of the act will not yield to such a liberal construction. They are too clear to be other than strictly followed. They give an action for damages to the person injured, or, 'in case of his death, * * * to his or her personal representative.' It is true that the recovery of the damages is not for the benefit of the estate of the deceased, but for the benefit 'of the surviving widow or husband and children.'

But this distinction between the parties to sue and the parties to be benefited by the suit makes clear the purpose of Congress. To this purpose we must yield. * * * The national act gives the right of action to the personal representative only."

In St. Louis, S. F. & T. R. Co., supra, it was said:

"The Texas statute gave the right of action to the 'surviving husband, wife, child, and parents,' and provided that it might be enforced by all of them or by one or more for the benefit of all, while the federal statute vested the right of action in the deceased's personal representative, for the benefit of the surviving widow or husband. * * * There were other points of dissimilarity, but they need not be noticed. If the federal statute was applicable, the state statute was excluded by reason of the supremacy of the former under the national Constitution. * * * And if the federal statute was applicable, the right of recovery, if any, was in the personal representative of the deceased, and no one else could maintain the action."

In the "Note to Lamphere v. Oregon R. & Nav. Co.," to which we have referred (47 L. R. A. [N. S.] 73), it is said, with liberal citation of authority:

"In case of the death of the injured employé, the cause of action is purely statutory, and the provisions of the statute giving a cause of action to the personal representative must be closely followed. The widow cannot maintain a cause of action in her own name, even if it is for the benefit of herself and as next friend of her minor children; or in her own behalf and on behalf of the minor children and parents of the deceased. So an action brought by a widow and her son must be dismissed. Nor has the next of kin any right to bring an action under the statute, even if there is no personal representative; and the sole beneficiary, except he is also the personal representative, cannot maintain an action. The action must in all cases be brought by the personal representative. The objection that the action was brought by the widow in her own name, instead of as the personal representative of the deceased, may be brought to the appellate court's attention by exception, and is not waived on account of failure of an objection in limine. * * * The term 'personal representative,' as used in the statute, means an executor or administrator."

[3] It is true that, in the instant case, the defendant did not make the objection that the widow, as such, and as tutrix, had no standing to prosecute the suit; the precise question to be now considered having been presented by the objections and the excep-

tion to the ruling of the court thereon, to the introduction of "any evidence on the part of plaintiffs, because all provisions of the laws of Louisiana * * * for the recovery of damages are superseded by the federal Employers' Liability Act."

It is also true that the objection mentioned was leveled at the first question propounded to the first witness called on behalf of plaintiff, which was comparatively unimportant, and that it was not thereafter reserved, though a number of witnesses, called by plaintiff and defendant, respectively, subsequently testified as to the existence vel non of the facts upon which the right of recovery would depend, in any aspect of the case. The testimony was, however, conclusive to the effect that the defendant was engaged in the business of interstate commerce; that the decedent was employed by it, and, at the time of his death, was discharging a duty devolving upon him as such employé, by participating in the carrying on of that business. Assuming, then, that the evidence shows that the death was attributable to defendant's negligence, it nevertheless remains that plaintiffs must point to the law which entitles them to recover. The record shows that they elected to proceed under the state law, but, as we have seen, the state law has been superseded. If, then, it be said that they are entitled to recover under the federal statute by which the state law was superseded, the answer is that the federal statute confers that right upon the personal representative of the decedent, and not upon his widow and minor children.

It is therefore ordered that the verdict and judgment appealed from be set aside, and that there now be judgment for defendant, rejecting the demands of plaintiffs and dismissing this suit at their cost, without prejudice, however, to any rights that they may have, as beneficiaries, under the federal Employers' Liability Act, in an action by the personal representative of their de cujus for the recovery of the damages here claimed.