THOMPSON, J.
The plaintiff sues for ■damages in the sum of $15,000, for the death of her father, who was killed hy a train of the Missouri Pacific Railway Company, at Ferriday, Concordia parish, December 26, 1918.
There is included a demand for $34.20 for wages due plaintiff’s father by the railway company at the time of his death.
The railway company is an interstate carrier, and was engaged at the time of the alleged accident in interstate commerce. The deceased was an employee of the railway company, and prior to and at the time he lost his life was, with other laborers, engaged in repairing the roadbed, tracks, and trestles of the railway company.
It is admitted that the suit is brought under the federal Employers’ Liability Act (Act of Congress April 22, 1908, amended April 5, 1910 [U. S. Comp. St. §§ 8657-8665]).
The petition alleges that the plaintiff is the only child and sole descendant and heir of the deceased, who died intestate, and that she has accepted the succession unconditionally.
[1] The defendant, among other exceptions, pleaded in limine the want of legal right and capacity of the plaintiff to institute and to prosecute the suit in her own name; that the act of Congress, which conferred the right to an action for damages in such cases, designated the person who should bring the suit, and the person so named was the personal representative of the deceased, and not the beneficiary.
The exception was sustained, and the suit dismissed. The correctness of the ruling presents the sole question on this appeal.
The act of Congress provides:
“Section 1. Every common carrier * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee.” U. S. Comp. St. § 8657.
"See. 9. Any right of action given by this act to a person suffering injury shall survive *159 to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee’s parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury.” U. S. Comp. St. § 8665.
It is provided that action for damages in cases coming under the statute may of right be prosecuted in a state as well as a federal court.
It is argued by plaintiff’s counsel, that, inasmuch as the statute does not itself define who is the “personal representative” referred to, and that since the right to enforce the statute is vested in the state as well as the federal courts, the term “personal representative” ought to be interpreted according to the law and jurisprudence of the state in which the cause of action arises. That plaintiff, being the daughter and sole heir of the deceased, and being called to his succession at the moment of his death (Civ. Code, arts. 940, 915), she must be held to be the personal representative of her father.
The contention is based upon a false premise. It assumes to be a fact that which is not a fact.
It is true the plaintiff under the laws of this state is the forced heir of her father and succeeded to his intestate estate. She was seized of all of the effects of his estate as well as of all rights of action to which he may have been entitled at his death, and in all matters appertaining to the estate she may properly be said to personally represent her father. But the claim for damages on account of the death of plaintiff’s father, and the right of action to enforce such claim, formed no part of his estate. There was no right of action in the deceased which could have descended to the plaintiff as heir, by virtue of any law of this state. The right to damages and the right of action was given by the federal statute, not to the beneficiary named in the statute, but to the “personal representative,” for the benefit of the surviving beneficiary.
If the plaintiff’s father had survived the alleged accident he would have had no right of action for any injury he may have received, under any law of this state.
His death, though it may have been under circumstances which created an actionable liability on the carrier, did not transmit any right or any action to his daughter. The cause of action is in no sense corelated with the estate of the deceased, and therefore the plaintiff, quoad the action, stands in relation to her father’s estate as a stranger.
The question, however, is not a new one in jurisprudence. In the case of Penny v. Railroad Co., 135 La. 962, 66 South. 313, the court held:
“It is settled jurisprudence that the Act of Congress known as the Employers’ Liability Act * * * supersedes the laws of the several states so far as the latter cover the same field; and that any state laws which impose upon a carrier by railroad engaged in interstate commerce a liability in damages are unenforceable.”
That case was an action by the widow, individually and as tutrix to her minor children, for damages for the alleged negligent killing of the husband and father of the plaintiffs, and the court further said:
“We find it also settled that, though, in the event of the death of the employee, under the conditions contemplated by the federal legislation in question, the claim for damages may, of right, be prosecuted in a state, as well as a federal court, it must be prosecuted by the personal representative of the decedent,” meaning’ the executor or administrator, “and can be prosecuted by no one else,” not even by the sole beneficiary, save in the capacity of personal representative.
This ruling is in keeping with the settled jurisprudence of the Supreme Court of the United States. American Ry. Co. of Porto Rico v. Birch, 224 U. S. 547, 32 Sup. Ct. 603, 56 L. Ed. 879-882; Mo., Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. *161 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; St. Louis, S. F. & T. Ry. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1134, Ann. Cas. 19140, 156 ; Pecos & N. T. Ry. Co. v. Rosenbloom, 240 U. S. 439, 36 Sup. Ct. 390, 60 L. Ed. 730.
In the Birch Case, cited above, the same contention was made, as is made in the instant ease, that the statute could not be construed to mean that it is necessary in cases where only the husband or Wife could inherit and are the only survivors, that they be forced, in the absence of any estate belonging to the deceased other than his right to sue, to have an administrator appointed. The trial court of Porto Rico sustained the contention, but its ruling was reversed. The Supreme Court of the United States said:
“It is true that the recovery of damages is not for the benefit of the estate of the deceased, but for the benefit ‘of the surviving widow or husband and children.’ But this distinction between the parties to the suit and the parties to be benefited by the suit makes clear the purpose of Congress. To this purpose we must yield.”
“In the present case it looks like a useless circumlocution to require an administration upon the deceased’s estate, but in many cases it might be much the simpler plan and keep the controversy free from elements but those which relate to the cause of action. But we must presume that all contending considerations were taken into account, and the purpose of Congress expressed in the language it used.”
In the instant case it looks 'entirely useless to require an administration of the estate of the deceased, when there are no debts and no necessity for such administration, and when the sole heir has accepted the succession and when the claim for damages forms no part of the estate of the deceased, but the rule has been established by the superior jurisprudence and to that rule we must adhere.
[2] We are asked to remand the case, if we should conclude that the exception was properly sustained, in order that the proper party might be made plaintiff in the suit.
The plaintiff went to trial on the exception without asking for time to have the legal representative of the deceased come into the case. The request was made for the first time, after the suit had been dismissed, in a motion for a new trial. If the request had been granted and a new trial ordered for the purpose, the ruling might perhaps have been sustained. But we know of no authority which would justify the court in remanding the case in order that a néw, different, and entirely distinct party be substituted as a plaintiff, and counsel have not cited us to any such authority. Oases are frequently remanded to make persons in interest parties to a pending suit by having such parties regularly cited, and the same is true where the plaintiff has died or has parted with, any interest in the suit after it was filed, but we imagine no case can be found where a cause was remanded to substitute a party plaintiff for one who has been held without legal right to institute and prosecute the suit. If we were to remand the case, non constat, that any administrator would ever be appointed, or if appointed that he would be willing to come into court and prosecute the action.
[3, 4] The lower court erred, however, in dismissing the damage for $34.20 claimed to be due the deceased employee at the time of his death. The plaintiff as the sole unconditional heir had the legal right to sue for such claim. The demand was one that could be cumulated with the demand for damages, and because the latter was dismissed for want of capacity in plaintiff to prosecute for it, the court was not thereby rendered incompetent for lack of jurisdiction to pass upon the wage claim.
'It is ordered and decreed that the judgment appealed from, in so far as it' dismisses the demand for damages for want of capacity in plaintiff to sue, is affirmed. In other respects the judgment is annulled and set aside, and the case is remanded to the lower court *163 for trial on the claim for wages; the appellee to pay the costs of the appeal and all other costs to await the final judgment in the cause.
Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.