DOUGLAS A. CONKLIN, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Second Department, November 2, 1923.

Workmen's compensation — employee, injured while repairing locomotive at round house, was not engaged in interstate commerce at time of accident — locomotive was used indiscriminately in interstate and intrastate traffic — recovery cannot be had under Federal Employers' Liability Act — remedy under Workmen's Compensation Law.

A recovery cannot be had under the Federal Employers' Liability Act by an employee of a railroad, who was injured while repairing a locomotive in the defendant's round house, but the employee's remedy lies under the Workmen's Compensation Law, where it appears that the locomotive upon which he was working at the time of the accident had been used indiscriminately both in interstate and intrastate commerce. Under such circumstances, the locomotive was not an instrumentality of interstate commerce.

APPEAL by the defendant, New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 13th day of November, 1922, upon the verdict of a jury for $35,000, and also from an order entered in said clerk's office on the 4th day of November, 1922, denying the defendant's motion for a new trial made upon the minutes.

*William Mann,* for the appellant.

*Thomas J. O'Neill* [*Leonard F. Fish* with him on the brief], for the respondent.

JAYCOX, J.:

The plaintiff, an employee of the defendant, was injured while repairing a locomotive in the defendant's round house at Harmon, N. Y. The question presented by this appeal is, was the plaintiff at the time of the happening of the accident engaged in interstate commerce? If he was, he was entitled to the benefit of the Federal Employers' Liability Act. (See 35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143.) If he was not so employed, then he must have recourse to the State Workmen's Compensation Law.

The last work done by the engine prior to being placed in the repair shop was to haul a train engaged in interstate traffic. That haul, however, was completed. Before that, the work done by the engine was indiscriminate in character. It apparently did such work as the exigencies of the traffic demanded. Sometimes it hauled trains clearly interstate in their character and at other times as clearly intrastate in character. It did not go out of the State upon any of its runs. Its service was all performed between New York city and Troy. Sometimes it went only as far as Pough-keepsie upon a local train and at other times it hauled an interstate train from Troy or Albany to Harmon, N. Y. Sometimes it made both an interstate and an intrastate haul upon the same day. Most of the trains characterized as interstate also did intrastate traffic. From this I think it cannot be said that this engine was destined especially for any particular kind of traffic. " The test of the employment and the application of the Federal Employers' Liability Act (in determining its application we determine between it and the California act) is, ' was the employé at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it? ' " (*Industrial Commission* v. *Davis*, 259 U. S. 182, 185.) Applying that test to this case, I think it cannot be said that the work in which plaintiff was engaged at the time of the accident was so closely related to interstate transportation as practically to be a part of it. He was engaged in repairing an engine used both for interstate and intrastate traffic. It was withdrawn from service, placed in the round house repair shop and remained there five days. The necessity for repairs did not arise from a cause which interrupted a run. The repairs consisted in replacing worn tires.

The use of an engine indiscriminately for interstate and intrastate commerce does not give character to the engine as an instrumentality of interstate commerce, so that a person injured upon that engine when not engaged in interstate commerce may recover damages under the Federal Employers' Liability Act. (*Illinois*

*Cent. R. R.* v. *Behrens,* 233 U. S. 473; *Minneapolis & St. Louis R. R. Co.* v. *Winters,* 242 id. 353; *Industrial Commission* v. *Davis, supra; Shanks* v. *Del., Lack. & West. R. R.,* 239 U. S. 556.)

The judgment and order should be reversed and the complaint dismissed, with costs, and without prejudice to any remedy the plaintiff may have for compensation under the State law.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment and order reversed upon the law, and complaint unanimously dismissed, with costs, and without prejudice to any remedy the plaintiff may have for compensation under the State law.