THOMPSON, J.
 

 The charge for which the defendant was convicted and sentenced, as amplified in answer to a motion for a bill of particulars, is the sale of 3 bottles of Jamaica ginger, commonly called “Jake,” which it is alleged contained about 90 per cent, alcohol, and was fit for use as an intoxicating beverage, and was sold for intoxicating beverage purposes.
 

 The appeal presents four bills of exception, the first two ’of which we assume have been abandoned, as they are not discussed in the defendant’s brief. We have however considered them and find no merit in them. The third bill was reserved to the refusal of the court to sustain objection to the following question, propounded by the state to the defendant while under cross-examination:
 

 “Didn’t Mr. Curtains come to your place of business on Monday December 8,1924, and purchase from Mrs. Brittain 6 bottles of Jamaica ginger in the presence of yourself, and is it not a fact that he later returned intoxicated and bought 3 more bottles?”
 

 The accused( answered the question in the negative. It appears that in his direct examination the accused, in answer to questions of his counsel, had stated that he had never sold more than one bottle at a time.
 

 The district attorney, at the time the question objected to was asked, stated that the purpose was to lay a basis for impeaching the defendant. The objections were that the matter inquired about was irrelevant and immaterial, for the reason that the defendant was not being prosecuted for any sales made on the day stated in the question, and that a witness cannot be impeached upon an immaterial matter. The court admitted the question to be answered for the purpose stated by the district attorney, and for the additional reason that it tended to show the intent of the accused in making the sales. The ruling of the court was entirely proper. ,
 

 We understand that the accused was conducting a drug store or place of business where Jamaica ginger was kept in stock for sale, and we assume that the question at issue was whether the sale made with which defendant was charged was so made in the usual course of business or was made for intoxicating beverage purposes.
 

 In defense of the charge, it was perfectly proper and permissible for the defendant to show that he never sold more than one bottle at a time, and thus to negative the charge that he was selling the liquid
 
 *403
 
 for intoxicating beverage purposes. Having testified as he did, it was permissible for the state to ask the question propounded for the purpose of traversing the defendant’s testimony and to lay the foundation for impeaching him. The question was not only material to the inquiry, but was directly connected with the defendant’s testimony in chief. Furthermore, the particular inquiry was provoked by the defendant himself, and he cannot be heard to say, when sought to be contradicted and impeached, that the matter was irrelevant or collateral.
 

 We had a similar question for consideration in the case of the State v. Ledoux (La.) 103 So 177,
 
 [1]
 
 the opinion in which was handed down on January 5, 1025. We there said:
 

 “Evidence of the nature of that offered by the state, as a general rule, is not admissible, for it is evidence of an act not charged in the bill of indictment. If its admission in this instance does not constitute reversible error, it is only because defendant opened the door for its admission, as rebuttal evidence, by going beyond the bill of indictment, of his own motion, and testifying that he had never used, handled, or dealt in any manner with intoxicants, and therefore by his own act is in no position to complain”—citing Cyc., Vol. 40, page 2496.
 

 We further said, in the case above referred to:
 

 “Moreover, where, as is the case here, a witness testified on his examination in chief to a matter irrelevant to the issue, he may be contradicted with respect to it, though it is otherwise where the irrelevant matter is brought out on cross-examination.”
 

 See authorities cited.
 

 It is further contended that the question objected to was an implied attack upon the reputation of the accused, which could not be made by proof of specific acts, but must be confined to proof of general reputation. The contention is perhaps not strictly within the scope of the objection. At all events, the argument is without force. The reputation of the accused was not an issue, and could not have been except on his own initiative.
 

 The case of State v. Emory, 151 La. 156, 91 So. 059, relied on by defendant, has no application here. In that case the defendant had offered evidence of his good reputation, and the state in rebuttal sought to prove an isolated act of wrongdoing which was clearly inadmissible.
 

 The argument is also made that the effect of the question objected to was to compel the husband to give testimony against the wife in violation of Act 157 of 1916. We cannot appreciate the application of the statute to this case. The statute in plain terms provides that neither the husband nor the wife shall be compelled to be a witness on any trial upon an indictment, complaint, or other criminal proceedings against the other. The wife here was not on trial, and certainly no answer given by the defendant could possibly have any effect against his wife who was not then on trial; nor could such evidence be used in any future prosecution against the wife.
 

 The fourth bill of exception was reserved to the overruling of a motion for a new trial. The grounds of the motion are that the only witness who testified against defendant was a dope fiend and an exconvict, who was then in jail, and who testified falsely on the trial; that if a new trial were granted the defendant could establish an alibi.
 

 The motion was not supported by any evidence nor affidavits except that of the accused. It is shown that two of the witnesses, by whom it is alleged an alibi could be proved, were placed by the accused on the witness stand and gave evidence in defendant’s behalf. The judge states in his per curiam that:
 

 “No perjury was apparent to the court; in fact the testimony of the state’s main witness, who was a man of seeming integrity, was cor
 
 *405
 
 roborated by other witnesses. The defendant upon trial placed upon the witness stand the Couvillion brothers who failed to establish an alibi.”
 

 The refusal of a new trihl upon the grounds alleged in the motion was clearly within the discretion of the trial judge, and we fail to find wherein that discretion has been abused or was in any manner arbitrary.
 

 We can find no sufficient reason’for disturbing the conviction ánd sentence, and they are accordingly affirmed.
 

 OVERTON, J., recused.
 

 [1]
 

 157 La. 821.