In the Matter of TOMASINA MORINI, Respondent, v. ERIE RAILROAD COMPANY, Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board. Van Kirk, P. J., Davis and Whitmyer, JJ., concur; Hinman, J., dissents, with an opinion in which Hasbrouck, J., concurs.

HINMAN, J. (dissenting). The question is whether the deceased employee was engaged in interstate commerce at the time of his injury. The undisputed facts are that he was a mechanic who was regularly employed to make light running repairs in the roundhouse and he was injured while replacing a broken right driving spring of an engine, which was treated as a light running repair. The engine could operate without the repair but it was deemed advisable to undertake

it that night after it was laid off at eleven-forty-five P. M. The fire in its boiler was not withdrawn. There was some delay in completing the replacement because the new spring did not fit and had to be planed. Nevertheless the engine was ready for service again the next day at two P. M. The engine was a yard engine so indiscriminately used in interstate and intrastate commerce as to be considered regularly engaged in interstate commerce. (*St. Louis & San Francisco Ry.* v. *Seale*, 229 U. S. 156; *Salvo* v. *N. Y. Central R. R. Co.*, 216 App. Div. 592.) We agree that the only question is whether it was definitely withdrawn from that service at the time of injury to the deceased. The majority of the court think there was a definite withdrawal from service. I disagree. The place of the repair and the element of time are controlling. " Equipment out of use, withdrawn from repairs, may or may not partake of that [interstate] character according to circumstances, and among the circumstances is the time taken for repairs — the duration of the withdrawal from use. Illustrations readily occur. There may be only a placement upon a sidetrack or in a roundhouse — the interruption of actual use, and the return to it, being of varying lengths of time, or there may be a removal to the repair and construction shops, a definite withdrawal from service and placement in new relations; the relations of a work shop, its employments and employees having cause in the movements that constitute commerce but not being immediate to it." (*Industrial Acc. Comm.* v. *Davis*, 259 U. S. 182, 187.) The nature of the repair in this case is not essentially different from that required in *Walsh* v. *N. Y., N. H. & H. R. R. Co.* (22 U. S. 1), in which the United States Supreme Court held that it was interstate commerce where a car repairer was replacing a drawbar in a car then in use in interstate commerce. (*Shanks* v. *D., L. & W. R. R.*, 239 U. S. 556.) The place of the repair is also significant. In *Baltimore & O. R. R. Co.* v. *Kast* ([C. C. A. 6th Cir.], 299 Fed. 419) a machinist's helper, making running repairs to an interstate engine at a roundhouse was held employed in interstate commerce. The distinction was made that the engine was placed in the roundhouse for repair during usual lay-off time and not sent to repair or construction shops. The repair in the case before us was begun when the engine was laid off that night and there is no proof that the repairs were expected to or did occupy much, if any, more than its usual lay-off time. The length of time involved in the work under consideration is important. In *Minneapolis & St. L. R. R. Co.* v. *Winters* (242 U. S. 353, 356) the engine was withdrawn from service for three days. In *Conklin* v. *N. Y. C. R. R. Co.* (206 App. Div. 524; affd., 238 N. Y. 570) a road engine had been in the roundhouse for five days and the case really turned upon the character of the engine's service and not whether it had been definitely withdrawn from interstate or all service for repairs. And that was really the issue in *Leslie* v. *Long Island R. R. Co.* (222 App. Div. 702). Quite inapposite to our question are the cases involving repairs to engines or cars not at the time under call or designated for interstate traffic. I vote for reversal and dismissal of the claim on the ground that the deceased was engaged in interstate commerce. Hasbrouck, J., concurs.