In the Matter of the Claim of TIMOTHY J. CONNOLLY, Respondent, against THE BALTIMORE & OHIO RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1942.

*Harold R. Oakes* [*Robert Schwebel* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*John F. Loehr, Assistant Attorney-General*, of counsel], for the respondent, the State Industrial Board.

*T. J. Curtis*, for the claimant, respondent.

FOSTER, J. This is an appeal from an award of compensation. Claimant was employed as a tallyman by the appellant Baltimore and Ohio Railroad Company, and worked in the freight department at Pier 22, North river, New York city. Appellant is a common carrier, engaged generally in interstate transportation. Its freight cars, carrying interstate goods, are transported across the river from New Jersey to Pier 22 on the New York city side by floats.

On the day of the accident claimant boarded one of these floats, which had arrived at the pier, for the purpose of obtaining freight waybills. Such waybills accompany each freight car and are obviously records moving in interstate commerce. It is only from these records that the railroad employees can attend to the proper distribution of freight.

On attempting to return from the float to the pier claimant stepped on what is called a " stringpiece " and fell into the water.

Sometime after the accident he was examined and found to be suffering from an enlarged heart, bronchial asthma and high blood pressure. These conditions could hardly have been caused by claimant's accident but they may well have been aggravated thereby, sufficient to cause disability. The serious question in the case relates to claimant's status at the time of the accident.

He was engaged at the time, we think, in work so closely related to interstate transportation as to form a part of it. The cars involved, concededly of an interstate character, had to be moved off the float for the purpose of unloading and delivering freight. Claimant's work was directly connected with these operations. The records he handled to that end were records moving in connection with interstate commerce. His employment, therefore, at the time was of an interstate character. (*St. Louis, San Francisco & Texas Railway Company* v. *Seale*, 229 U. S. 156.)

The decision and award should be reversed and claim dismissed, with costs to the appellant against the State Industrial Board.

HILL, P. J., CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents and votes to affirm the decision and award.

Decision and award reversed and claim dismissed, with costs to the appellant against the State Industrial Board.