McBRIDE, Judge.
On October 26, 1949, Mrs. Mary Louise Perkins Schilling, by intervention, brought this suit against the receiver for New Orleans Coal and Bisso Towboat Company, seeking $’30,000.00 for the death of her husband, Joseph Schilling, who was killed on November 4, 1948, at 4:45 a. m., on the tug “Independent”, which was then operated in connection with the business of the receivership. Intervenor alleges that Joseph Schilling was employed as second engineer on the tug; that there 'had been placed on the vessel an ordinary wooden painter’s ladder, the bottom of which rested on the vessel’s cabin, with the top resting against the wharf which was about twenty-five feet ’higher, for the purpose of providing a means of ingress and egress to or from the tug for the members of its crew; that at the time of the accident, while the tug was in the Mississippi River moored in the vicinity of the Poydras Street dock, Schilling endeavored, in the course and scope of his employment, to board the vessel by using the ladder, which was the only means furnished by the receiver for such purpose. The allegation is made in paragraph XII: “That while Schilling was on the ladder and was descending to the boat, it slipped from its position against the wharf and threw Schilling down about 30 feet to the deck of the ‘Independent’, killing him instantly.”
The death is charged to have resulted from the receiver’s negligence in several specified particulars. In article XVIII of the intervention it is alleged: “That petitioner institutes this suit under Section 33 of the Merchant Marine Act of 1920, 46 U.S.Code 688 (The Jones Act).”
In the alternative, Mrs. Schilling claims workman’s compensation under the state law.
To the petition the receiver filed an exception of no cause of action, and this appeal is from the judgment of the lower court maintaining the exception and dismissing both the main and the alternative demands.
The allegations of the intervention clearly demonstrate that the action for damages for Schilling’s death is one properly coming within the purview of the Jones Act, 46 U.S.C.A. § 688, and should have been brought by the “personal representative” of the deceased seaman. No one else may assert the claim; Mrs. Schilling has no standing in court, as she is totally without right of action in the premises. The exception is well founded. La Casse v. New Orleans T. & M. R. Co., 135 La. 129, 64 So. 1012; Penny v. New Orleans Great Northern R. Co., 135 La. 962, 66 So. 313; Savaria v. U. S. Railroad Administration et al., 151 La. 156, 91 So. 661.
Counsel for appellant concedes that there was no right vested in Mrs. Schilling to bring the action, but contends that the judge below erred in refusing her request to be allowed time to qualify as her husband’s personal representative, and to then amend her petition so as to set forth her qualification. It is unnecessary to rule on the question presented, in view of developments in the matter. - Mrs. Schilling did subsequently qualify as administratrix of her husband’s succession, and filed a new action against the receiver for damages. See Ott & Prados v. New Orleans Coal and Bisso Towboat Co., La.App., 55 So.2d 616, this day decided by us. The filing of the second suit renders moot any question of the propriety of the judge’s refusal to grant the extension requested. By filing the second suit, which is still pending, Mrs. Schilling may be said to have abandoned her complaint against the judge’s action. But at any rate, it would be an idle ceremony to remand the case to permit Mrs. Schilling to appear in the capacity of ad-ministratrix, when she has accomplished the same purpose by filing the second suit.
The exception of no cause of action is also directed at the alternative claim for workman’s compensation. As to the alternative demand, the exception is also well taken. Mrs. Schilling has no claim for workman’s compensation under the local statute. The Jones Act has exclusive applicability and precludes the claimant from invoking the state law. There is an abundance of authority to that effect. Jordan v. Fredrick Leyland & Co., D.C., 7 F.2d 386; St. Louis, San Francisco & Texas Ry. *616 Co. v. Seale, 229 U.S. 156, 33 S.Ct 651, 57 L.Ed. 1129; Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355; Higginbotham v. Public Belt R. Comm., 192 La. 525, 188 So. 395; Penny v. New Orleans Great Northern R. Co., supra; La Casse v. N. O. T. & M. R. Co., supra.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.