Harvey L. PHILLIPS et ux.

v.

HOUSTON FIRE & CASUALTY INSURANCE COMPANY et al.

No. 8654.

United States District Court
W. D. Louisiana,
Opelousas Division.

July 10, 1963.

Ramsey, Ramsey & Bodron, Vicksburg, Miss., and Pugh & Boudreaux, Nicholls Pugh, Jr., Lafayette, La., for plaintiffs.

Guillory, Guillory & Guillory, Robert K. Guillory, Eunice, La., and Mouton, Champagne & Colomb, Patrick L. Colomb, Lafayette, La., for defendant Houston Fire & Cas. Ins. Co.

Davidson, Meaux, Onebane & Donohoe, James E. Diaz, Lafayette, La., for defendant Celotex Corp.

Phelps, Dunbar, Marks, Claverie & Sims, J. Barnwell Phelps, New Orleans, La., Hudson, Potts & Bernstein, Murray Hudson, Monroe, La., for defendant Texas & P. Ry. Co.

PUTNAM, District Judge.

This action is brought by plaintiffs for the alleged wrongful death of their son, Harvey Benjamin Phillips, against Houston Fire & Casualty Insurance Company, a Texas corporation, insurance carrier of Dugas and LeBlanc, Ltd., a Louisiana corporation not joined as a defendant. By supplemental petition, The Celotex

Corporation, a Delaware corporation having its home office in Chicago, Illinois, was joined as a co-defendant.

Liability is predicated upon Article 2315 of the Louisiana Civil Code, LSA–C.C. art. 2315, which is the wrongful death statute of this State, and as to Houston, under the direct action statute of Louisiana, LSA–R.S. 22:655, which gives any injured person a direct cause of action against such insurance carriers without the necessity of joining the insured as a party defendant. Thus, by the simple expedient of leaving the Louisiana corporation out of the suit entirely, plaintiffs, who are themselves residents of this State, claim a Federal forum in preference to the Courts of their own State.

Diversity, although largely a fiction insofar as Houston is concerned, is established; the amount in dispute exceeds $10,000; our jurisdiction attaches. 28 U.S.C.A. § 1332.

It is alleged that the deceased was a member of a train crew employed by Texas and Pacific Railroad Company, and as part of his duties went upon the refinery premises of Dugas & LeBlanc for the purpose of picking up several heavily loaded freight cars loaded with bagasse, and while riding on one of these cars he was thrown therefrom, resulting in his injuries and death. It is further alleged that the negligence of Dugas and LeBlanc and of defendant Celotex caused plaintiffs' loss, in many particulars which we do not enumerate here, they being unimportant for decision of this motion.

Defendant Houston has filed a third party complaint against Texas & Pacific Railroad, claiming a right of contribution based upon alleged negligence of its own employees in bringing about the death of young Phillips. Texas & Pacific has moved to dismiss the third party complaint on the contention that Phillips was its employee and his exclusive remedy and that of his survivors, through his personal representative, is under the Federal Employer's Liability Act, Title 45 U.S.C.A. § 51 et seq. Coverage under this act is established.

We feel that this motion is sound, and should be granted.

Plaintiffs' action is predicated upon LSA–C.C. 2315, and survives in their favor as individuals. It is grounded on negligence which is a proximate cause of the death, and contributory negligence is a complete bar to recovery should it be established. Recovery may be had for pecuniary losses, loss of love and affection of the deceased, and for the pain, suffering and losses suffered by the decedent as the proximate result of his injuries prior to his death.

The right of contribution asserted against T. & P. by these defendants arises from LSA–C.C. Articles 2103 and 2091. These are as follows:

"Article 2103. When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denys liability on the obligation sued on by the plaintiff."

"Article 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."

The foregoing articles of the Louisiana Code were amended to read as set forth above in 1960. Prior to that time one

of two or more joint tort feasors had no right to demand contribution unless they were cast in judgment with him in solido. Since there was no right to demand contribution, he could not call in his joint tort feasors as third party defendants. Kahn v. Urbania Lumber Co., La.App., 103 So.2d 476. It was for this purpose that, as companion legislation with the Louisiana Code of Civil Procedure of 1960, these codal provisions were amended.

Article 2103 has application only where the obligation is solidary. Article 2091 requires that in order for an obligation to be "in solido", the debtors must (1) be obliged for the same thing, (2) each may be compelled for the whole, and (3) that the payment made by one exonerates the others.

But the liability of the third party defendant here to the plaintiffs does not depend upon LSA–C.C. art. 2315. It flows from the Federal Employer's Liability Act exclusively. The standards of liability in respect to negligence are different, as, if plaintiffs had elected their remedy under this act and sued their son's employer under its terms, their recovery would hinge upon proof only of the slightest negligence causally connected with the injury and death. Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493. Such liberal standards for recovery result from the fact that FELA is in the nature of a compensation statute for those falling within its ambit. Kernan v. American Dredging Co., 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382. All state laws are superceded by the Act insofar as they may attempt to cover the same field. Louisiana & Arkansas Ry. Co. v. Pratt, 142 F.2d 847, (5 Cir.); Dillard v. Thompson, D.C., 5 F.R.D. 26 (W.D.La.).

The beneficiaries themselves, unlike the survivors listed in LSA–C.C. art. 2315, have no individual right of action, the liability of the railroad being to the personal representative of the decedent for the benefit of the survivors. 45 U.S.C.A. § 51, Savaria v. United States

R. R. Assn., 151 La. 156, 91 So. 661; Ott & Prados v. New Orleans Coal & Bisso Towboat Co., La.App., 55 So.2d 614; St. Louis, S. F. & T. R. Co. v. Seale, 229 U.S. 156, 33 S.Ct. 651, 57 L.Ed. 1129. Moreover, contributory negligence is not a complete bar to recovery but serves only to diminish damages, 45 U.S.C.A. § 53, and the defense of assumption of the risk is denied such employers under 45 U.S.C.A. § 54.

By its very terms the Act makes this the employee's exclusive remedy against his employer for such industrial accidents. As to the damages, a railroad defendant is liable to the claimant for pecuniary losses only, Michigan Central Ry. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, as distinguished from the right of action accruing to the decedent prior to death and the broad damages allowed to the survivors under the Louisiana statute.

In short, we hold that there is no liability in solido resulting from Louisiana's codal provisions between a third party tort feasor and an employer railroad, for injuries or death to an employee of the latter while acting within the scope of his employment, and hence no right to demand contribution under LSA–C.C. art. 2103. The right of recovery in such cases in favor of the injured employee or his personal representative against the railroad, and his right against such third party tort feasor, grow from different seeds, rooted in different soil, and bear fruit similar only to the extent that each imparts the bitter-sweet taste of monetary compensation for a tragic loss.

A similar result has been reached by our brethren in North Carolina in Wilson v. Massagee, 224 N.C. 705, 32 S.E.2d 335, 156 A.L.R. 922. We are referred to no other authority on this point by learned counsel representing these parties, nor has our own research disclosed such.

We do know, however, that F.E.L.A. is an outgrowth of the same economic and social considerations which has prompted adoption of the many work-

men's compensation laws of the several states and the Longshoremen's and Harbor Workers' Act by the Congress. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. With regard to these legal and political cousins, contribution under similar circumstances has been denied under the Longshoreman's Act, Lo Bue v. United States, 188 F.2d 800 (2 Cir.), and with the exception of Pennsylvania, in all states adopting workmen's compensation acts. See 53 A.L.R.2d 977 for extensive annotation on this subject.

For the foregoing reasons, the motion to dismiss filed by third party defendant Texas & Pacific on January 3, 1963, to the third party complaints of defendants Celotex and Houston, is granted and judgment will be entered by the Clerk accordingly.