## SUCCESSION OF MORRIS AND SEGRETO v. METROPOLITAN LIFE INSURANCE CO. (Consolidated)

---

(February 24, 1928. Opinion and Decree.)
(May 8, 1928. Writ Refused by Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Insurance—Par. 33, 139.
The provision found in policies of industrial life insurance, known as the "Facility of Payment Clause", under which the insurer is authorized to pay any relations by blood, husband or wife, or to any other person appearing to the insurer to be equitably entitled to the payment by reason of having incurred expense on behalf of the insured, etc., is in the interest of the insurer and for its protection in

making prompt settlements upon these claims, without the expense of administration. In making such payments the discretion of the insurer is conclusive.

2. **Louisiana Digest—Insurance—Par. 33, 139, 144.**

The fact that plaintiff advanced money and paid premiums, fed and lodged the assured, gives rise to no obligation under the clause which compels the insurer to pay plaintiff's claim out of the principal of a policy of life insurance.

Appeal from Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Succession of George Morris and action by John Segreto against Metropolitan Life Insurance Company. Cases consolidated.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellant.

Theo. Cotonio, of New Orleans, attorney for John Segreto, appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for Metropolitan Life Insurance Company, defendant, appellee.

WESTERFIELD, J.    This is a suit against an insurance company on three policies of individual insurance aggregating $1000.00.

The petition alleges that the assured, George Morris, died in the city of New Orleans March 21st, 1923; that no beneficiary was named in the policies; that at the request of George Morris, plaintiff was given the possession of the policies; that the weekly premiums were paid by plaintiff upon the understanding that he would collect the insurance in the event

of Morris' death; that Morris was fed and housed by plaintiff and given medical treatment for several years prior to his death, during which time Morris was too feeble to work; that the value of assistance rendered Morris exceeded the face value of the policies; that Morris expected the money to be derived from the insurance to partially repay plaintiff's expense and generosity toward him; that Morris had no relations nor family connections. The policies were attached to the petition.

The defendant deposited the $1000 due on the policies, filed an answer, in which it pleaded the exception of no cause of action, and averred that one Luella Brandon Morris, claiming to be the heir of the deceased assured, had claimed the avails of the policies and asked that she be made party. Luella Morris, thus impleaded, excepted also upon the ground that plaintiff's petition disclosed no cause of action.

After hearing, the court maintained the exception and dismissed the suit and plaintiff has appealed.

Plaintiff is mistaken in his allegation to the effect that no beneficiary is named in the policies. He doubtless means that no individual is named, for the policies plainly provide that the principal is to be paid twenty-five years after the date of the policies, as an endowment to the assured, if living, and "if the insured shall die prior to the date of the maturity of the endowment to pay * * * to the executor or administrator of the insured, unless payment be made under the next succeeding paragraph," which reads as follows:

"The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company

to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

It is not contended that plaintiff is the assignee, nor that he is the beneficiary, named in the policy, but the paragraph we have quoted is relied on as establishing his right to the proceeds. In our opinion there is absolutely no foundation for this contention. The paragraph referred to confers certain privileges on the insurance company for its protection, or, what is known as the "Facility of Payment Clause". It in no sense creates any obligation requiring the insurer to pay equitable claims against decedent. The discretion of this company in making such payments is conclusive. See Bass vs. Metropolitan Insurance Company, No. 7780 Orl. App. Opinion Book 56, and authorities there cited. Whatever may have been the indebtedness of George Morris to plaintiff at the time of his death, and no matter how benevolent or philanthropic plaintiff may have been, we cannot approve of the discharge of Morris' moral and financial obligations out of the avails of these policies.

We believe the exception of no cause of action was properly maintained.

As to Luella Morris, she will have to establish her claims, if she can, in other and appropriate proceedings, for whatever may be said of the regularity of the pleading by which she entered these proceedings, it is certain that with the dismissal of plaintiff's suit as disclosing no cause of action, she and her "intervening answer" must also be dismissed.