SIMMONS v. 'MORGAN'S L. & T. R. R. & S. S. CO. AND METROPOLITAN LIFE INS. CO. OF N. Y.

(February 25, 1929. Opinion and Decree.)

Chas. J. Mundy, of New Orleans, attorney for plaintiffs, appellants.

Denegre, Leovy and Chaffe and Spencer, Gidiere, Phelps and Dunbar, of New Orleans, attorneys for defendants, appellees.

JANVIER, J. Plaintiffs, alleging themselves to be the widow and the daughter of Nathan Williams, bring this suit against defendants jointly and solidarily for $1,500.00.

They allege that Williams had, for some time prior to his death, been employed by defendant railroad company and that, during the course of that employment the railroad company had, on each pay-day, deducted from Williams' pay a small sum, supposedly to be paid to the other defendant as a premium on Williams interest in a group life insurance policy.

Plaintiffs' petition is not at all certain or definite in its averments, most of which fall far short of containing any statement of actual fact.

Plaintiffs' petition fails utterly to show any right in themselves to maintain this action and also fails to show by any affirmative allegation that a cause of action exists in any one.

The fact that no cause of action is shown may be the result of defective pleading and, if the petition disclosed that plaintiffs were the owners of a cause of action, however inartistically and imperfectly stated that cause of action might appear in the pleadings, we would be inclined to remand the case to allow plaintiffs to amend. But we are of the opinion that no good purpose could be served by remanding the case, because we can see no possibility of the existence of a right of action in plaintiffs as the widow and the child of decedent.

The right of action, if there is one, can only exist in favor of the beneficiary or beneficiaries named in the supposed policy or certificate of insurance. The fact that they are widow and child would not entitle them to recover, even if they had alleged positively and affirmatively that there was a policy of insurance, unless they could couple with that allegation the further one that they are the beneficiaries named in the policy. In other words, they must not sue as widow and child, but as beneficiaries. Even if they could allege that the policy was made payable to the estate this would not benefit them, because as widow and child they could not recover on a policy payable to the estate of the decedent. A suit for this purpose would have to be filed by the representative of the estate; that is to say, the administrator.

It appears to us, then, that the petition does not contain sufficient allegations to set forth a cause of action in anyone, but it does contain sufficient allegations to show that there is· no. right of action in plaintiffs.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at the cost of appellants.