## SUCCESSION OF GEORGE MORRIS

_____

(April 1, 1929. Opinion and Decree.)
(April 29, 1929. Rehearing Refused.)

_____

Charles J. Mundy, of New Orleans, attorney for Luella Morris Brandon.

Theodore Cotonio, of New Orleans, attorney for John Segretto.

Arthur Landry, of New Orleans, attorney for John J. O'Neil, Clerk of Court.

Spencer, Gidiere, Phelps and Dunbar, of New Orleans, attorneys for Metropolitan Life Insurance Company.

JANVIER, J. At the time of the death of decedent, George Morris, there were in the possession of John Segretto, three policies of insurance on the life of George Morris.

These policies had been issued by the Metropolitan Life Insurance Company, and were for the aggregate principal sum of $965 and were payable to the executor or administrator of decedent's estate.

Segretto brought an independent suit directly against the insurance company, claiming to be the pledgee of the policies. The succession proceedings of George Morris were duly filed and the suit of Segretto, to which we have referred, was consolidated with the succession proceedings. In that suit, the Court held that Segretto could not maintain his action directly against the company. See Suc-

cession of George Morris, No. 10897 of the docket of this Court, 7 La. App. 645.

The Supreme Court refused to grant a writ of certiorari, stating the action of this Court was correct.

The insurance company was brought into the succession proceedings, and, after various technical skirmishes between the two claimants to the fund, to-wit: John Segretto, to whom we have referred, and Luella Morris Brandon, claiming to be the child and heir of decedent, the company deposited the proceeds of the policies in the registry of the Court, and in doing so attempted to implead the claimants, so that they might fight out between themselves the question of the right to the fund. Segretto resisted the effort to implead him, and, on account of the fact that certain of the pleadings were not served on Segretto, his exceptions to the petition of interpleader were maintained. He, thereupon, intervened in the succession proceedings and opposed the claim of Luella Morris Brandon to the proceeds of the policies, on the ground that she is not a legitimate child of decedent, and on the further ground that Segretto is a creditor of the estate of Morris and that the policies were given him to secure this indebtedness, and that, he, Segretto, had, out of his own funds, paid certain of the premiums on the policies.

As we construe his intervention, he claims to be a creditor of the estate, and, that even if it be conceded that Luella Morris Brandon is the heir, she, by accepting the succession makes herself liable for the debts, and, in fact, cannot take possession of the assets until the debts are paid.

It seems, then, that while he reiterated his first contention, to the effect that he is the pledgee of the policies, he really bases his intervention on his claim that he is a general creditor of the estate. On this intervention an order was entered requiring the Clerk of the Court to hold, until further orders, the funds deposited with him.

To this intervention, exceptions were filed by Luella Morris Brandon, in which it was contended that even if Segretto is, as he claims, a creditor of the estate of Morris, his debts cannot be paid out of the proceeds of life insurance policies, because of Act 189 of 1914 of Louisiana, in which it is provided:

"The proceeds or avails of all life, including fraternal and co-operative, health and accident insurance shall be exempt from all liability for any debt, except for a debt secured by a pledge of such policies, or any rights under such policies, that may have been assigned, or any advance payments made on or against such policies."

Exceptor also contends that the former decision of this Court, to which we have referred, constitutes res adjudicata, and as an additional ground of exception, pleads the prescription of one year and the prescription of three years.

The record does not show, except by inference, what ruling was made on these exceptions, but we notice that a few days after the exceptions were filed, intervener, Segretto, presented for filing, a supplemental petition of intervention, and on this supplemental petition is the following order, written and signed by the trial judge:

"The permission to file is denied for the reason that the delay granted to file had elapsed when this order was presented to me."

It seems, then, that the exception referred to, was sustained but that inter-

vener was given the right to supplement and amend within a certain time.

After the dismissal of Segretto's intervention, because of his failure to amend within the time allowed, judgment was rendered, ordering the clerk of the court to turn over to Luella Morris Brandon the funds on deposit.

From this order Segretto appeals.

The sole question before us is whether or not the trial judge was correct in his dismissal of the intervention of Segretto.

The exceptions which were sustained were based directly on the plea of res adjudicata and on Act 189 of 1914, to which we have referred.

The plea of res adjudicata, we believe, is not well founded, because the decree of this Court, which exceptor claims constitutes res adjudicata, shows plainly that the question of the right of Segretto as a general creditor of the estate was, in no way, considered or passed on. All that was before the Court was whether or not Segretto had any right directly against the insurance company.

Exceptor's contention that Act 189 of 1914 deprives Segretto of the right of action in this matter seems to be an insurmountable obstacle in the path of Segretto. He argues that the statute to which we have referred has been declared by the Supreme Court of the United States to be unconstitutional. Bank of Minden et al. vs. Clement, administratrix, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857.

It is quite true that in that case the Supreme Court held that the statute in question was invalid if applied to the facts of that particular case. But the reason given was that the debt sought to be collected out of the proceeds of the policy antedated the statute and that Court held that, since at the time the debt was contracted, the creditor had the right to look to future acquisitions of the debtor, and, that among those possible future acquisitions was life insurance. So that when the debt already exists, no State statute can impair the obligation already in existence.

The Court said:

"So far as the statute of 1914 undertook to exempt the policies and their proceeds from antecedent debts it came into conflict with the Federal Constitution."

No such reasoning applies to a debt created after the enactment of the statute in question. At the time of its creation, the creditor is presumed to know that the proceeds of life insurance policies, such as are contemplated by the statute, cannot be applied to the payment of the debts. He becomes creditor with at least constructive knowledge of the law, and since, at the time he entered into the contract, he had no rights against such policies, it in no way impairs the obligation of his contract.

It appears, then, that even as a general creditor of the estate of decedent, intervener has no rights against the proceeds of the life insurance.

Intervener argues that the action of the trial court in refusing to allow him to amend his petition of intervention was improper. We find it unnecessary to discuss this contention because no amendment could have eliminated the fatal fact that the statute of 1914 is applicable to the proceeds of the policies involved here.

Nor is it necessary, in view of our decision on the application of the statute, for us to determine whether the various pleas of prescription are well founded.

The insurance company was merely the stake holder, and had no interest in the matter, and it earnestly urges us to render judgment to the effect that it has complied with its full duty and responsibility and relieving it from further liability. We are well convinced that the company had done everything which any claimant could require of it. All persons claiming an interest in the fund are actually before the Court, and it is conceded by all that the full amount due under the policies has been deposited in the registry of the Court.

It is therefore ordered, adjudged and decreed that there be judgment in favor of the Metropolitan Life Insurance Company, relieving and releasing it from all further liability and responsibility in the matter, and it is further ordered, adjudged and decreed, that the judgment appealed from be and it is affirmed at the cost of intervener.