No. 4022

Second Circuit

LEWIS v. METROPOLITAN LIFE INS. CO.

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

Barksdale, Warren & Barksdale, of Ruston, attorneys for plaintiff, appellee.

Spencer, Gidiere, Phelps & Dunbar and Truett L. Scarborough, of New Orleans, attorneys for defendant, appellant.

WEBB, J. This is an action to recover an amount alleged to be due under an industrial life insurance policy issued by defendant, Metropolitan Life Insurance Company, on January 1, 1930, on the life of Arthe Lewis, who died on January 15, 1930.

The policy which is annexed and made part of the petition stipulates that the amount due shall be payable to the executor or administrator of the insured, and it also contains a provision that payment may be made to the wife or any relation by blood or connection by marriage, or any other person appearing to the insurer to be equitably entitled to same by reason of having incurred expense on behalf of the insured or for his burial. There is also a provision in the policy which reads that:

"If the insured has within two years before the date of the policy been attended by any physician for any serious disease or complaint, or before said date, has had any pulmonary disease or chronic bronchitis, or disease of the heart, liver or kidneys * * * unless such medical attention or previous disease is specifically recited in the space for endorsements and signed by the secretary, the liability of the insurer shall be limited to the return of the premiums paid, etc."

This action is brought by Annie Bell Lewis, who alleges that she was the wife of Arthe Lewis, the insured; that due proof of death had been made, and that defendant, after having issued a check for the payment of the amount of the policy, of which plaintiff was given notice, had refused to deliver the check to plaintiff or to pay any amount under the policy; and she prays for judgment for the full amount of the policy.

In answer defendant admitted the issuance of the policy, payment of premium, death of the insured and due proof, demand for payment, and the circumstances alleged relative to the issuance of the check, otherwise denying plaintiff's allegations, and defendant especially pleaded that the policy had been issued after a medical examination of the insured; that the insured had within two years before the date of the issuance of the policy been attended by a physician for a serious disease or complaint, to wit, Bright's disease and heart disease, etc., which disease was the cause of the death of the insured; and that the policy was void under the stipulation of the policy referred to above, and defendant was liable only for the return of the premium.

Plaintiff filed a rule on defendant to show cause why judgment should not be rendered against it on the face of the pleadings (see Act No. 27 of 1926), and on trial the rule was made absolute and judgment rendered accordingly, from which judgment defendant appeals.

Appellant urges that, the policy stipulating payment should be made to the executor or administrator of the insured, it was essential that plaintiff should have offered evidence showing that she appeared in such capacity, or that she became vested with the ownership of the rights acquired under the contract, and further that, under the conditions of the policy referred to above, the facts alleged by defendant constituted a complete defense to any liability under the policy.

Considering the first defense urged by appellant, while it is apparent that the contract contemplated that the payment of any amount due on the policy could be made to the succession of the insured, it is evident the insurer could not be prejudiced by a payment made to the heirs of

the insured, but the law does not declare that the wife is either the representative of the succession of her husband or his heir, only in exceptional cases, or that she has a vested interest in other than community property.

There is not any allegation that plaintiff was the executrix or administratrix of the succession, or heir of the husband, or that the rights under the policy were community property, and even though defendant had admitted that plaintiff was the wife of the insured, which as stated was denied, we do not think that she could recover on the policy in the absence of evidence showing that she was the representative of the succession, or heir of the insured, or that an interest in the policy vested in her on the death of the insured, and unless defendant should be held to be estopped from contesting plaintiff's right to institute the suit, under the provision in the policy that payment could be made to the wife, or by having issued a check payable to her, we are of the opinion that the court erred in making the rule absolute and rendering judgment against defendant.

We do not think it can be said defendant by merely having a check issued admitted any liability to plaintiff, or that she was entitled to receive any amount due under the contract, or that the stipulation that the payment of the amount due under the policy could be made by the insurer to the wife constituted plaintiff the beneficiary under the policy or estopped defendant from contesting the demand for payment.

We are therefore of the opinion that the rule should have been recalled and discharged, at plaintiff's cost, and this view of the cause renders it unnecessary that we should determine whether or not the facts alleged by defendant would be a defense to the suit or whether evidence would be admissible under the pleadings to show, either that plaintiff was the representative of the succession of the insured or that she had a vested interest in the policy, or whether or not evidence should be admitted in support of the special defense.

It is therefore ordered that the rule be recalled and discharged, at plaintiff's cost, and that the judgment rendered in favor of plaintiff be avoided and set aside. It is further ordered that the cause be remanded for further proceedings, according to law, and that all costs incident to the rule and cost of appeal be paid by plaintiff.