## Succession of MORRIS.*
### No. 13281.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

Theo. Cotonio and Theo. Cotonio, Jr., both of New Orleans, for appellant John Segretto.

Chas. J. Mundy, of New Orleans, for appellee Luella Morris Brandon.

### WESTERFIELD, J.

George Morris died in the city of New Orleans on March 21, 1923. The Metropolitan Life Insurance Company had issued three policies of insurance upon Morris' life, which John Segretto claimed had been pledged to him in repayment of advances made to Morris during his lifetime and in recognition of his generosity toward him. Luella Brandon Morris, claiming to be the heir of the deceased, George Morris, contested the right of Segretto to the avails of the policies and was maintained in her position by this court. See Succession of Morris, 7 La. App. 645. The case was here again when, in 10 La. App. 650, 121 So. 358, we affirmed a judgment of the trial court ordering the clerk of that court to turn over to Luella Morris Brandon the funds deposited by the insurer, following that court's dismissal of an intervention filed by Segretto. Subsequent to the two decisions by this court to which we have referred and an unsuccessful attempt in each case to obtain a writ of review from the Supreme Court, Segretto, through his active and industrious counsel, applied for an injunction to prevent the clerk of the civil district court from paying to Luella Morris Brandon the proceeds of the life insurance policies, which had, in the meantime, been deposited in the registry of the civil district court upon the ground that Luella Morris Brandon was not, in fact, the heir of the deceased, George Morris. To this petition of injunction counsel for Luella Morris Brandon filed exceptions of res judicata and no cause of action, which, after hearing, were maintained and plaintiff's suit dismissed. A devolutive appeal was taken from this judgment, and, upon the argument of the case before us, both counsel informed the court that the clerk had, since the rendition of the judgment, paid over the proceeds of the life insurance policies to Luella Morris Brandon, as, indeed, the clerk was obliged to do, since such action was in compliance with an order of the court, from which no suspensive appeal had been prosecuted.

The situation before us, therefore, involves the right of plaintiff to enjoin an act which has already been done and is an accomplished fact. This is not the function of injunction. Trevigne v. School Board, 31 La. Ann. 105; Adams v. Town of Ruston, 3 La. App. 188. If plaintiff has any claim against Luella Morris Brandon, the recipient of the proceeds of the insurance policies on the life of George Morris, and is entitled to any sort of judgment as against her, he must assert his claim in some other proceeding.

Whether the district court was right or wrong in refusing the injunction is a matter of no concern, since it cannot be issued at this time following the commission of the act which it was sought to prevent.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

---

*Rehearing denied June 27, 1932.