## LIFE INS. COMPANY OF VIRGINIA v. WEBRE et al.

### No. 14147.

Court of Appeal of Louisiana. Orleans.

Oct. 17, 1932.

Harold A. Moise and P. S. Pugh, Jr., both of New Orleans, for appellants.

S. S. Goldman, of New Orleans, for Life Ins. Co. of Virginia.

Normann & McMahon, of New Orleans, for Mrs. Geo. L. Webre.

JANVIER, J.

The Life Insurance Company of Virginia deposited in the registry of the First city court of New Orleans the proceeds of a policy of life insurance issued to George Lewis Webre, and, alleging that the said Webre has died and that certain rival claimants have demanded the said funds, caused the said claimants to be cited to appear to assert their respective claims thereto.

On the one hand is found Mrs. George L. Webre, widow of deceased, who claims both individually in her own right and as administratrix of the estate of her husband, and, on the other hand, are certain heirs of Mrs. Eldah Webre, predeceased mother of the said George L. Webre.

Deceased's widow contends that the insurance policy was made payable to the estate of deceased, and that since, under the laws of Mississippi, in which state he was domiciled at the time of his death, and in which state his succession was opened, she, as widow, has rights in the estate superior to those of his mother's heirs, the proceeds should be paid to her as administratrix and by her, in her capacity as administratrix, turned over to herself individually.

The heirs of the mother of the deceased maintain that the said mother was made beneficiary under the policy, and that, although she, the mother, died long prior to deceased's death, nevertheless they, by a form of representation, should take her place as beneficiaries, and are entitled to have the proceeds paid directly to them.

The policy itself plainly states that the proceeds shall be paid to "the executors or administrators of the person named as the insured in this policy." There is also in the policy what has become known as a "facility of payment clause," under which it is stipulated that the insurer "may make any payment provided for in this policy to husband, or wife, or any relative by blood or lawful beneficiary of the insured, or to any person appearing to said Company to be equitably entitled to the same. * * *"

It thus appears that the mother's name was not inserted in the policy as beneficiary. But

her heirs contend that, in the application for the policy, deceased named his mother as the person "to whom benefit is to be paid, subject to provisions of policy applied for. * * * "

The policy was issued some nineteen days after the date of the application, and, as has been already stated, was not made payable to the mother, but to "the executors or administrators," etc.

The application was neither made part of nor attached to the policy, and it is contended by the other claimants that, because of the provisions of Act No. 52 of 1906, as amended by Act No. 227 of 1916, the said application is inadmissible in evidence.

■ While there may be some force in the argument that, because of the said statutes, the said application is inadmissible and may not be considered, we have found it unnecessary to delve deeply into the intricacies of that problem, or to determine whether those statutes have effect on policies of insurance issued prior to the adoption of the statutes, because we have reached the conclusion that, even if the said application be considered and given probative value, nevertheless the heirs of the mother are not entitled to the proceeds.

Whatever may have been the intention of Webre with reference to the naming of a beneficiary when, on August 5, 1903, he applied for the policy, had he desired to persist in his request for the naming of his mother as beneficiary, he should have rejected the policy within a reasonable time after receiving it, and his retention of it and his continuance in the payment of premiums for years afterwards constituted an acquiescence in the terms of the policy as written.

Even if it could be considered that the mother was named beneficiary by reason of the insertion of her name in the application, the facility of payment clause above quoted would have made it impossible that she could ever have acquired a vested interest in the policy or its proceeds, because no one can acquire a vested interest so long as any other person or corporation retains the right to so act as to prevent the person claiming the interest from acquiring under it.

Even conceding that the mother was originally named the beneficiary, if either the insured or the company retained the right to change that beneficiary, no vested interest came into being. In Pollock v. Pollock, 164 La. 1077, 115 So. 275, 276, our Supreme Court said: " * * * The beneficiary of a life insurance policy has no vested interest in the policy if the insured has reserved therein the right to change the beneficiary at will."

That the facility of payment clause may not be used to compel payment to a particular claimant, but is intended as a protection to the insurer when, in the exercise of its sound discretion, it makes payment to a person apparently entitled to the proceeds, appears from a reading of the decision of this court in Succession of Morris, etc., 7 La. App. 645, in which we, in referring to just such a clause, said: "The paragraph referred to confers certain privileges on the insurance company for its protection, or, what is known as the 'Facility of Payment Clause.' It in no sense creates any obligation requiring the insurer to pay equitable claims against decedent. The discretion of this company in making such payments is conclusive. See Bass v. Metropolitan Insurance Company, No. 7780 Orl. App. Opinion Book 56 [See Louisiana and Southern Digest], and authorities there cited."

See, also, Lewis v. Metropolitan Life Ins. Co., 17 La. App. 143, 134 So. 699.

If, then, the mother at the time of her death had acquired no vested interest, she had acquired in the policy no rights which could be transmitted by inheritance to her heirs.

All that can be said is that, had the mother not died prior to deceased's death, and had the insurer, in the exercise of its sound discretion, paid the proceeds to her, protection would have been afforded it by the clause referred to.

■ The heirs of the mother assert another claim, which is that some of the premiums on the policy were paid by the mother and by one of those who now claims through the predeceased mother.

Such payments would not give to those making them any right to any part of the proceeds of the policy, for such claim is no more than a debt against the estate, and debts cannot be paid out of the proceeds of life insurance policies. That the proceeds of life insurance policies payable to the estate of the deceased may not become liable for debts has been many times held, and in Succession of Erwin, 169 La. 877, 126 So. 223, 225, is found a very late discussion on the subject. In that case the court said: "In view of the statute and the decisions of this court referred to, it cannot be regarded as a debatable question any longer, that the proceeds or avails of life insurance policies are not and cannot be made liable for the debts of the insured, and the creditors of the deceased insured have no interest in the disposition made or to be made of such funds."

The statute referred to in the above quotation is Act No. 189 of 1914, as amended by Act No. 88 of 1916. See, also, Succession of Le Blanc, 142 La. 27, 76 So. 223, L. R. A. 1917F, 1137; Succession of Aronson, 168 La. 887, 123 So. 608; Succession of Dumestre, 174 La. 482, 141 So. 35.

In a similar situation, in Succession of Morris, supra, we said: "Whatever may have been the indebtedness of George Morris to plaintiff at the time of his death, and no matter how benevolent or philanthropic plaintiff may have been, we cannot approve of the discharge of Morris' moral and financial obligations out of the avails of these policies."

The judgment below is in favor of the widow of deceased individually and as administratrix.

We are told that, under the laws of the state of Mississippi, the proceeds of such policies are exempt from debt, and that, since this is so and since the widow's rights, as we are also told, prime those of any other surviving relatives, the widow is entitled to a judgment in her individual capacity, as well as in her capacity as administratrix.

It may well be that when, under our decree, the fund is turned over to and becomes part of the deceased's estate, it will, by appropriate proceedings, immediately find its way into the individual possession of the widow, but we do not feel that our decree should attempt to bring about this result. The forum in which the succession is being administrated will distribute the proceeds unhampered by any decree of ours.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended so as to run in favor of Mrs. George L. Webre only as administratrix of the estate of George L. Webre, and not in her favor in her individual capacity.

In all other respects, the judgment appealed from is affirmed.

Amended and affirmed.