### CRUMP v. METROPOLITAN LIFE INS. CO. *

No. 14616.

Court of Appeal of Louisiana. Orleans.

June 28, 1934.

Spencer, Gidiere, Phelps & Dunbar and Louis B. Claverie, all of New Orleans, for appellant.

Herman L. Midlo, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a policy of industrial life insurance. Plaintiff alleges that the deceased insured was her son and that in his succession proceedings she was recognized as his sole heir and, as such, sent into possession of his entire estate, including the right to the proceeds of the said policy of insurance.

The insurance company admits the issuance of the policy and the death of the insured, but contends that plaintiff is without right of action in the premises because she sues in her individual capacity, whereas the proceeds of the policy are payable to the executor or administrator of the insured. Defendant also sets up, in the alternative, all of the legal defenses and contentions which were presented by defendant in the suit entitled Succession of Frank Watson v. Metropolitan Life Insurance Company, 156 So. 29, which was decided by us this day.

Since, in the Watson Case, we have passed upon all of the legal contentions except that with reference to the right of plaintiff, in her individual capacity, to stand in judgment, we shall in this matter discuss only that contention.

The policy involved here, although it provided that the proceeds should be payable to the executor or administrator, contained in the next paragraph what is known as a facility of payment clause reading as follows:

"The Company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them shall be conclusive evidence that all claims under this policy have been satisfied."

---

*Rehearing denied Oct. 1, 1934. Writ of certiorari granted Nov. 26, 1934.

Counsel for plaintiff contend that since, under the said facility of payment clause, payment to the widow of the insured, had the company seen fit to make such payment, would have constituted a full discharge of liability, the company cannot be heard to resist the claim of the widow.

But we expressed our views on just such a contention when, in Succession of Morris v. Metropolitan Life Ins. Co., 7 La. App. 645, we said:

"* * * The policies plainly provide that the principal is to be paid twenty-five years after the date of the policies, as an endowment to the assured, if living, and 'if the insured shall die prior to the date of the maturity of the endowment to pay * * * to the executor or administrator of the insured, unless payment be made under the next succeeding paragraph,' which reads as follows: * * * * (Note.—Succeeding paragraph referred to is the facility of payment clause above quoted.)

"It is not contended that plaintiff is the assignee, nor that he is the beneficiary, named in the policy, but the paragraph we have quoted (facility of payment clause) is relied on as establishing his right to the proceeds."

We also considered a question so similar as to be indistinguishable in Simmons v. Morgan's Louisiana & T. R. & S. S. Co., 10 La. App. 97, 120 So. 537, and in that case said:

"The right of action, if there is one, can only exist in favor of the beneficiary or beneficiaries named in the supposed policy or certificate of insurance. The fact that they are widow and child would not entitle them to recover, even if they had alleged positively and affirmatively that there was a policy of insurance, unless they could couple with that allegation the further one that they are the beneficiaries named in the policy. In other words, they must not sue as widow and child, but as beneficiaries. Even if they could allege that the policy was made payable to the estate, this would not benefit them, because as widow and child they could not recover on a policy payable to the estate of the decedent. A suit for this purpose would have to be filed by the representative of the estate; that is to say, the administrator."

Counsel for plaintiff point to the decision rendered by our brothers of the Second Circuit in Lewis v. Metropolitan Life Insurance Co., 17 La. App. 143, 134 So. 699, 700, and they confidently assert that there they find authority for the view that, where such a policy is made payable to the estate of the insured, the "heir" may maintain an action to recover the proceeds of the policy. The expression used in the Simmons decision on which counsel rely is plainly obiter dictum. The question there was whether or not a wife, as such, might maintain an action to recover the proceeds of a similar policy payable to the executor or administrator of the insured's estate. The court, in holding that the wife had no such right, used the following expression:

"There is not any allegation that plaintiff was the executrix or administratrix of the succession, or heir of the husband. * * *"

Counsel maintain that the reference to the heir can only be interpreted as a statement that, had the wife been the heir of the deceased husband, and had she sued as such, she could have recovered. The reference to the right which an heir may or may not have was unnecessary to a decision of that case. That an heir may not maintain an action on a policy payable to assured's estate, although the heir may be ultimately the only person interested, was held by us in Dorsey v. Metropolitan Life Ins. Co., 145 So. 304.

There the heir, who was a minor, was represented by a duly qualified tutrix. To the claim of the tutrix to the proceeds of the policy the defendant interposed, among other defenses, the contention that only the executor or administrator of the insured's estate could be heard to claim the proceeds of the policy. We held that only the personal representative—that is to say, the executor or administrator of the deceased—could make claim, but we said that the tutrix of the minor heir is, as tutrix, administrator in some cases of the estate of the insured, and that, therefore, the said tutrix was the administratrix mentioned in the policy and might bring the suit.

It works no unusual or undue hardship to require that persons claiming under special contracts be required to comply with the requirements, technical though they may be, of those contracts. Nor is this the only instance of which we are aware in which a person who, as heir or otherwise, may be entitled to all that an executor or administrator may recover by litigation, cannot be heard to maintain a direct action, but must recover only through the executor or administrator.

When the Congress of the United States enacted the Federal Employers' Liability Act (April 22, 1908), c. 149, 35 Stat. 65, 66 as amended (45 USCA § 51 et seq.), it provided that for the death of any person killed while engaged in interstate commerce, claim could be made only by the personal representative

of the deceased. It is well settled that the words "personal representative of the deceased" mean either the executor or the administrator and no one else. In American R. Co. v. Birch, 224 U. S. 556, 32 S. Ct. 603, 606, 56 L. Ed. 882, the District Court ruled that since the suit had been "properly brought in the name of the only persons for whose benefit any recovery could be had," the words " 'to his or her personal representative,' cannot be construed to mean that it is necessary, in cases where only the husband or wife could inherit and are the only survivors, that they be forced, in the absence of any estate belonging to the deceased other than his right to sue, to have an administrator appointed." However, when the matter reached the Supreme Court of the United States that court said:

"But the words of the act will not yield to such a liberal construction. They are too clear to be other than strictly followed. They give an action for damages to the person injured, or, 'in case of his death, * * * to his or her personal representative.' It is true that the recovery of the damages is not for the benefit of the estate of the deceased, but for the benefit 'of the surviving widow or husband and children.' But this distinction between the parties to sue and the parties to be benefited by the suit makes clear the purposes of Congress. To this purpose we must yield. * * ¡* The national act gives the right of action to personal representatives only."

In St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 652, 57 L. Ed. 1129, the Supreme Court of the United States held that such a provision should be strictly applied. There we find the following:

"The Texas statute gave the right of action to the 'surviving husband, wife, children and parents,' and provided that it might be enforced by all of them or by one or more for the benefit of all; while the Federal statute vested the right of action in the deceased's 'personal representative, for the benefit of the surviving widow or husband. * * *' There were other points of dissimilarity, but they need not be noticed. If the Federal statute was applicable, the state statute was excluded by reason of the supremacy of the former under the national Constitution. * * * And if the Federal statute was applicable, the right of recovery, if any, was in the personal representative of the deceased, and no one else could maintain the action."

In 47 L. R. A. (N. S.) 73, in a note to Lam-

phere v. Oregon R. & Nav. Co. et al. (C. C. A.) 196 F. 336, we find the following:

"In case of the death of the injured employee, the cause of action is purely statutory, and the provisions of the statute giving a cause of action to the personal representative must be closely followed. The widow cannot maintain a cause of action in her own name, even if it is for the benefit of herself and as next friend of her minor children; or in her own behalf and on behalf of the minor children and parents of the deceased. So, an action brought by a widow and her son must be dismissed. Nor has the next of kin any right to bring an action under the statute, even if there is no personal representative; and the sole beneficiary, except he is also the personal representative, cannot maintain an action. The action must in all cases be brought by the personal representative. The objection that the action was brought by the widow in her own name, instead of as the personal representative of the deceased, may be brought to the appellate court's attention by exception, and is not waived on account of failure of an objection in limine. * * * The term 'personal representative' as used in the statute means an executor or administrator."

In Penny v. New Orleans G. N. R. Co., 135 La. 962, 66 So. 313, 315, the Supreme Court of Louisiana recognizes this doctrine, and in that case the court held that the widow and minor children of a deceased employee, although they may be the only persons entitled to recover for his death, may recover only through an executor or administrator. The court, referring to the widow and minor children, said:

" * * * The federal statute confers that right upon the personal representative of the decedent, and not upon his widow and minor children."

See, also, La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012, 1013, in which the court, referring to the widow of the deceased, who had sued in her individual capacity, said:

" * * * If the case does come under the federal statute, the plaintiff is totally without right of action in the premises. Pederson v. Delaware, L. & W. R. R. Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125 [Ann. Cas. 1914C, 153]; St. L., S. F. & T. R. R. Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129."

We see no distinction which can be made resulting from the fact that in the cases cited the right to sue was limited by the statute,

whereas in the case before us the right is limited by contract.

Between the parties the contract is the law.

We are urged to hold here that it would be merely an extension of the doctrine of the Dorsey Case to hold that the heir who is of age is the administratrix of her own affairs and that, thus, the claimant here is, in effect, also an administratrix, as was the plaintiff in the Dorsey Case. But we pointed out in that case that the right of an administrator of the estate of deceased which is given in some cases to the tutor or tutrix of the minor heir is given by law and goes beyond the mere right to manage the affairs of the minor. It includes the actual administration of the estate of the deceased, and, hence, constitutes said tutor or tutrix the administrator or administratrix of the deceased's estate in the full sense of the word. The same cannot be said of the major heir, who inherits through the estate, but is given no right to administer.

The judgment appealed from is annulled, avoided, and reversed, and it is now ordered that plaintiff's suit be dismissed at her cost.

Reversed.