**MORRIS et al. v. METROPOLITAN LIFE INS. CO.** *

No. 17129.

Court of Appeal of Louisiana. Orleans.

April 10, 1939.

John T. Charbonnet, of New Orleans, for appellant James A. Tardy.

Charles J. Mundy, of New Orleans, for appellant Charles Morris.

Jas. N. Brittingham, Jr., of New Orleans, for appellee Albert W. Newlin.

Spencer, Phelps, Dunbar & Marks, of New Orleans (Ashton Phelps, of New Orleans, of counsel), for appellee Metropolitan Life Ins. Co.

WESTERFIELD, Judge.

Lizzie Gilbert died at her domicile in the City of New Orleans on the 27th day of January, 1938. The Metropolitan Life Insurance Company had issued a policy to her worth, with certain enhancements such as interest and a "mortuary benefit", $123.-40. Charles Morris, Lizzie Gilbert's paramour, or, as he is styled in the pleadings, her "common-in-law husband", opened her succession and endeavored unsuccessfully to have himself appointed administrator, the Court subsequently designating Albert W. Newlin, the public administrator, for that office. Morris then filed suit in the First City Court against the Metropolitan Life Insurance Company claiming the value of the policy on the ground that he had paid all premiums during the existence of the policy and asked for judgment in the alternative for $46.80, the amount of such premiums.

The Metropolitan Life Insurance Company filed an interpleader and deposited the avails of the policy in the Registry of the Court and asked that James A. Tardy, Charles Morris and A. W. Newlin, Public Administrator, who were also claiming

*Rehearing denied April 24, 1939; writ of certiorari denied by Supreme Court May 29, 1939.

the proceeds of the policy, be impleaded. Each of the parties impleaded answered and claimed the fund. Tardy, a cousin of the deceased, based his claim upon the fact that he had incurred the expense of a funeral with the Geddes & Moss Undertaking and Embalming Company, Ltd. for the burial of decedent, and Newlin because the named beneficiary was the administrator of the succession of the deceased.

The Court awarded the proceeds of the policy to Newlin and dismissed the claims of the other parties. Tardy and Morris have appealed.

 From the foregoing it appears that we have one appellant claiming the proceeds of an insurance policy because he paid the funeral bill of the deceased, and another because he had paid the premiums on the policy during the life of the assured. In legal contemplation, the only difference between these two claims consist in the fact that different reasons are advanced for their recognition. They are, however, equally without merit. We know of no authority, in law or in reason, why one who contracts for the burial of another should be entitled to receive the proceeds of a life insurance policy which the deceased happened to possess, and, by the same token, the lending or the supplying of money to an insured to pay premiums cannot be recognized as entitling the money lender to become the beneficiary of a policy in which his name does not appear in that capacity. Life Insurance Company of Virginia v. Webre et al., La.App., 143 So. 730; Succession of Morris and Segreto v. Metropolitan Life Insurance Company, 7 La.App. 645. There is in this policy a facility of payment clause. If the insurance company had chosen to exercise the privilege given to it in regard to payment of the proceeds of the policy possibly it might have paid either one of these two claimants, but it did not choose to do so. The beneficiary named in the policy is the administrator of the succession of the deceased. Mr. A. W. Newlin, Public Administrator, has been appointed to that office. The judgment ordering the payment of the funds to him is clearly correct. If either or both of the other claimants can establish their claims as a creditor of the deceased in the mortuary proceedings, they are at liberty to do so.

Counsel for Charles Morris insists that the insurance company should pay the costs of court incurred before the filing of the interpleader.

Section 6 of Act No. 123 of 1922 (the Interpleader Act) provides that the only costs due by those who provoke such proceedings are "the cost of service and citation on persons who do not answer the demand, and who do not make any claims upon the money so deposited." Fulton Bag & Cotton Mills v. Fernandez, La.App., 165 So. 476.

Whether the costs incurred by Morris prior to the interpleader can be charged against the insurance company is a question which we need not decide since Morris is without interest in the matter.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.